UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONNIE BEDWELL,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PLACER COUNTY,<br><br>　　　　　Respondent. | No. 2:19-cv-0175 AC P<br><br><br>ORDER |

Petitioner, a pretrial detainee incarcerated in the Placer County Jail, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, and a motion for appointment of counsel. Petitioner has not filed an application to proceed in forma pauperis or paid the filing fee. A petition for writ of habeas corpus filed by a pretrial detainee, as in the instant case, is properly considered under 28 U.S.C. § 2241. See White v. Lambert, 370 F.3d 1002, 1006 (9th Cir. 2004).

Review of the court's docket[1] indicates that petitioner has twice filed similar habeas petitions in this court: (1) Bedwell v. State of California & Napa State Hospital, Case No. 2:18-cv-02878 TLN CKD P; and (2) Bedwell v. State of California, Case No. 2:18-cv-02941 EFB P.

---

[1] This court may take judicial notice of its own records and the records of other courts. See United States v. Howard, 381 F.3d 873, 876 n.1 (9th Cir. 2004); United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980); see also Fed. R. Evid. 201 (court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy cannot reasonably be questioned).

At petitioner's request, the latter case was closed and "merged" with petitioner's first case.[2] Petitioner's first-filed case remains open; findings and recommendations filed December 14, 2018 remain pending.

It is well established that if a new habeas petition is filed when a previous habeas petition is still pending before the district court, without a final decision having been rendered, then the new petition should be construed as a motion to amend the pending petition. Woods v. Carey, 525 F.3d 886, 888 (9th Cir. 2008). Thus, the habeas petition filed in the instant action, ECF No. 1, should be construed as a motion to amend petitioner's initial habeas petition filed in Bedwell v. State of California & Napa State Hospital, Case No. 2:18-cv-02878 TLN CKD P, and should, therefore, be filed in that case.

Accordingly, IT IS HEREBY ORDERED that:

1. The habeas petition filed in the instant action on January 22, 2019, ECF No. 1, is construed as a motion to amend petitioner's first-filed habeas petition in Bedwell v. State of California & Napa State Hospital, Case No. 2:18-cv-02878 TLN CKD P.

2. The Clerk of the Court is directed to file the habeas petition in this action, ECF No. 1, as a motion to amend in Bedwell v. State of California & Napa State Hospital, Case No. 2:18-cv-02878 TLN CKD P, and to prominently note the January 22, 2019 filing date of the petition, as well as the date petitioner signed it (December 31, 2018).[3]

3. Petitioner's motion for appointment of counsel filed in the instant case, ECF No. 2, is denied without prejudice to petitioner filing a new motion in Bedwell v. State of California & Napa State Hospital, Case No. 2:18-cv-02878 TLN CKD P.

////

////

---

[2] See order filed November 28, 2018 in Bedwell v. State of California, Case No. 2:18-cv-02941 EFB P (ECF No. 5); and petitioner's transferred filings dated November 8, 2018 (ECF No. 9) and November 26, 2018 (ECF No. 7) filed in Bedwell v. State of California & Napa State Hospital, Case No. 2:18-cv-02878 TLN CKD P.

[3] A document is deemed filed on the date a prisoner signs it and gives it to prison officials for mailing. See Houston v. Lack, 487 U.S. 266 (1988) (establishing prison mailbox rule); Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (applying the mailbox rule to both state and federal filings by prisoners).

1      4. The Clerk of Court is directed to close this case.

2 DATED: February 5, 2019

3 _____
ALLISON CLAIRE
4 UNITED STATES MAGISTRATE JUDGE